UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Robin Linus Lehner and Donya Tina Lehner,

    Appellants

v.

Aliya Growth Fund LLC – Series X,

    Appellee

Case No.: 2:24-cv-00453-JAD

**Order Granting Appellants' Motion to Strike**

[ECF No. 15]

    Robin and Donya Lehner appeal United States Bankruptcy Judge Natalie M. Cox's order sustaining appellee Aliya Growth Fund LLC – Series X's objection to their invocation of Nevada's homestead exemption.[1] The Lehners maintain that Judge Cox erred in concluding that they couldn't exempt a residence owned by Westridge Property Management, LLC, even though Robin[2] was the LLC's only member.[3] Aliya defends the judge's conclusions.[4] The issue raised by this appeal is whether a debtor who is the sole member of an LLC can claim Nevada's homestead exemption for property owned by that LLC.

    Both parties have submitted briefs and appendices to support their arguments. The Lehners move to strike two exhibits from the appendix to Aliya's answering brief and the descriptions of those exhibits in the brief itself, claiming that they are irrelevant and "outside the

---

[1] ECF No. 1-1 at 1.

[2] Because Robin and Donya Lehner share a last name, I refer to Robin Lehner by his first name. No disrespect is intended by doing so.

[3] ECF No. 7.

[4] ECF No. 9.

designated record on appeal."[5]  Aliya opposes the motion to strike, averring that the contested exhibits were included only in response to new arguments that the Lehners had raised in their appeal.[6]  Or, Aliya suggests, I can simply take judicial notice of the contested material under Federal Rule of Evidence 201.[7]  As a final alternative, Aliya requests that, if Tabs 3 and 4 are stricken, I also strike a significant portion of the Lehners' opening and reply briefs, purportedly to stop them from raising new "one-sided" allegations on appeal.[8]  Because the challenged materials are irrelevant to this appeal, I grant the motion to strike.

**I.      Aliya hasn't established that Tabs 3 and 4 are relevant to this court's inquiry.**

The Lehners move to strike Tabs 3 and 4 of Aliya's appendix and pages 4 to 6 and 13 of the answering brief, which discuss those tabs.[9]  Tab 3 presents Aliya's second-amended complaint to determine non-dischargeability before the bankruptcy court, which Aliya characterizes as a summary of the "full extent of the fraudulent misrepresentations and omissions made by Mr. Lehner to induce" Aliya to loan him nearly five million dollars.[10]  The Lehners maintain that this complaint is separate from the "main Chapter 7 [c]ase from which this appeal arises," and full of allegations that are still being litigated.[11]  Tab 4 consists of a stipulated judgment in settlement of a separate complaint to determine dischargeability of a debt, which the Lehners insist is also distinct from the case being appealed.[12]

---

[5] ECF No. 15 at 2.
[6] ECF No. 17 at 5–6.
[7] *Id.* at 7.
[8] *Id.* at 6.
[9] ECF No. 15 at 5.
[10] ECF No. 10 at Supplemental Appendix of Record (SAR) 130–67; ECF No. 9 at 13.
[11] ECF No. 15 at 4–5.
[12] ECF No. 10 at SAR 168–71, ECF No. 15 at 5.

The Lehners assert that Aliya was required by Federal Rule of Bankruptcy Procedure (FRBP) 8009(a)(2) to file a supplemental designation of additional items to be included in the record by February 26, 2024.[13] Aliya brushes off this technical noncompliance, declaring that no prejudice could possibly result from materials that the Lehners are so familiar with.[14] District courts within this circuit have chosen to consider additional items that were not properly counter-designated under FRBP 8009(a)(2) if they are relevant to an appeal.[15] I find that a relevance inquiry is the appropriate method to determine whether Aliya's challenged appendices should be considered by this court.

But rather than arguing the relevance of the additional materials, Aliya largely relies on "they did it first" accusations. It asserts that the Lehners have raised a multitude of new arguments and allegations on this appeal, so they should be permitted to do the same.[16] It cites little precedent to support that Tabs 3 and 4 should be included in the record, instead relying on acid remarks such as "[a]ppellants cannot actually believe that are entitled to raise new arguments and legal theories . . . and expect that [Aliya] will not respond to the same."[17] These blame-shifting arguments are unpersuasive.

I find that Aliya's challenged appendices aren't relevant to this appeal. Tab 3 contains Aliya's second-amended complaint to determine non-dischargeability, which was filed in the bankruptcy court case from which this appeal arises.[18] The complaint alleges that Robin "made

---

[13] ECF No. 15 at 3.
[14] ECF No. 17 at 5.
[15] *See, e.g., In re Roger*, 2015 WL 7566647, at *5 (C.D. Cal. Nov. 24, 2015).
[16] ECF No. 17 at 5–6.
[17] *Id.* at 5.
[18] *See* ECF No. 10 at SAR 130 (showing that the second-amended complaint was filed under the case number 22-14616-nmc).

3

several materially false and misleading representations" while persuading Aliya to give him a loan, including representations that he didn't have any debts when he in fact owed more than $21 million to myriad creditors.[19] While the residence at issue in this appeal (the Balatta property) is mentioned in the complaint, it is merely discussed as collateral in Robin's alleged vast network of loans.[20] It is not evident, nor does Aliya explain, why this document is relevant to determining whether the bankruptcy court erred in barring the Lehners from claiming Nevada's homestead exemption for the LLC-owned Balatta property. So without any cogent argument on why this document is relevant, I strike it from the record.

Tab 4 contains a stipulated judgment for a dispute between the Lehners and American Express National Bank.[21] Aliya is not a party. And the judgment makes no mention of the Balatta property besides listing it as the Lehners' mailing address.[22] Aliya argues that the exhibit supports its policy argument that I shouldn't reward the Lehners' "gamesmanship" because Robin has had numerous nondischargeability and fraud claims filed against him,[23] but this connection is too tenuous to survive a motion to strike. So I grant the motion to strike Tab 4 and the discussion of that document on page 13 of Aliya's answering brief.

---

[19] *Id.* at SAR 138, ¶ 53, SAR 139–141, ¶¶ 58–61.

[20] *See, e.g., id.* at SAR 133, ¶ 24 ("the RMSPC Loan was secured by, among other things, a second position lien on the Balatta Property"), *see also id.* at SAR154, ¶ 129 ("[Robin] knowingly overstated the fair market values of both the Balatta Property and the Dawn Property, and subsequently offered to grant AGF liens against both the Balatta Property and the Dawn Property as collateral for the AGF Loan, with the intent to fraudulently induce [Aliya] to make the AGF Loan").

[21] *Id.* at SAR 168–SAR171.

[22] *Id.* at SAR 169, ¶ 4.

[23] ECF No. 9 at 20.

**II.    Judicial notice is unavailable because Aliya hasn't established that the challenged materials are related to this appeal.**

As a fallback, Aliya requests that I take judicial notice of Tabs 3 and 4.[24]  Reviewing courts can "take judicial notice of the underlying bankruptcy court records relating to an appeal."[25]  But Tab 3 is rife with damaging accusations about the Lehners' alleged penchant for lying to creditors and recklessly accumulating debt and doesn't clearly relate to the narrow homestead exemption question before this court.  Plus Tab 4 doesn't include Aliya as a party.  So I decline to take judicial notice of the challenged materials.

**III.   Aliya's arguments for reciprocal strikes against the Lehners also fall short.**

Aliya appears to style its response to the motion to strike as a countermotion, arguing that, if I grant the Lehners' motion to strike, I should also strike pages 6–8, 21, 25–29, 45–46, 53–54, and 58–60 of the Lehners' opening brief and pages 13–22 and 28–31 of their reply brief.[26]  Aliya contends that I cannot allow the Lehners to raise what it characterizes as new arguments without allowing it to do the same, going as far as declaring that I "must" strike materials from the Lehners' briefs if I grant the Lehners' motion to strike.[27]  But this tit-for-tat argument is not compelling.  So I deny Aliya's purported countermotion to strike both for that reason and because it was not filed as a separate countermotion as required by Local Rule IC 2-2(b).[28]

---

[24] ECF No. 17 at 7.

[25] *In re Chagolla*, 544 B.R. 676, 681 n.5 (9th Cir. 2016) (citing *In re E.R. Fegert, Inc.*, 887 F.2d 955, 957 (9th Cir. 1989)).

[26] ECF No. 17 at 6.

[27] *Id.* at 8–9.

[28] L.R. IC 2-2(b).

5

**Conclusion**

IT IS THEREFORE ORDERED that Robin and Donya Lehners' motion to strike **[ECF No. 15] is GRANTED. Tabs 3 and 4** of Aliya Growth Fund LLC – Series X's appendix and the corresponding portions of Aliya's answering brief—Section VI.A.1 (found on pages 4 to 6) and page 13 **are deemed STRUCK.**

_____
U.S. District Judge Jennifer A. Dorsey
March 19, 2025